GARRIT FURMAN AND JULIA FURMAN, RESPONDENTS, v. MINNIE W. FURMAN, IMPLEADED WITH WILLIAM H. FURMAN AND OTHERS, APPELLANTS.

*Action for partition — discontinuing of, by plaintiff after judgment and before sale — when allowed.*

In this action, brought for a partition of certain real estate, a judgment was entered directing that it be sold, under which it was accordingly advertised for sale. Subsequently the plaintiff applied to this court for leave to discontinue the action, alleging that he was induced to bring the action by the representations of his father, one of the defendants herein, who was tenant for life of the property, to the effect that it was desirable to put it in a situation in which it could be sold, but that no sale was to be made for the present; that a sale now would be prejudicial to the interests of those entitled in remainder, of whom he was one. *Held*, that he should be allowed to discontinue the action.

APPEAL from an order made on the application of the plaintiff vacating a judgment of partition and sale entered in this action, and allowing the plaintiff to discontinue the same upon payment of costs.

*Philip S. Crooke*, for the appellant.

*Charles N. Black*, for the respondents.

DYKMAN, J.:

Generally, a plaintiff has an absolute right to discontinue an action at any time before judgment, or before a case has been submitted to the jury. To this general rule there are some exceptions under our peculiar system of practice. After a judgment has been entered, however, a plaintiff can discontinue his action only by the permission of the court, and, on an application for that purpose, the court grants or refuses such application in its discretion in full view of the equities and rights of the parties, and on such terms as are just.

Now this is an action for partition of real estate, and a judgment has resulted for a sale of the premises under which they are advertised for sale, and the plaintiff has made a motion for leave to discontinue. His position is that himself and his sisters have been

misled by their father, and that he never intended to have a sale of the property. That his father represented to him that it was desir-able to have it placed in a position in which it could be sold at a proper time, and that to this end it was necessary to commence this action in his name. That he consented in that view and for that purpose only. That he paid no attention to the action, but left the same to his father until he was surprised to find the whole prop-erty advertised for sale. The father denies this, and says the plain-tiff fully understood the matter from the beginning.

There is enough in the papers to show that there has been con-siderable misunderstanding on the part of the plaintiff, and without deciding where any censure ought to rest, there is no reason why he should now be forced on with this action. No one has acquired any rights by it which will be lost by its discontinuance, and the plaintiff now thinks it will be prejudicial to his interest to proceed in it any further. Two of his sisters think the same with reference to their interest. The only person who desires to have the action proceed is the life tenant, and he is a defendant, and his wishes ought not to prevail to the prejudice of the remainder-men. The property seems to be large and valuable, and the parties in ultimate interest ought to control its eventual disposition. This they wish to do by allowing it to remain for the present as it is and unsold. In the present depressed state of the real estate market this is doubt-less wise, and even if the plaintiff did commence the action of his own volition, he ought to be permitted to discontinue the same on payment of all costs and expenses.

Order affirmed, with ten dollars costs and disbursements.

GILBERT, J., concurred; BARNARD, P. J., not acting.

Order affirmed, with costs and disbursements.